an asset or as collateral of the company by reason of which he figured out the solvency of the institution. John G. Jenkins, Sr., knowing that this bond and mortgage was thus counted upon to render the trust company solvent, permitted notices to be sent out to all depositors, assuring them of the fact and requesting them, in view thereof, to permit their deposits to remain for a stated period. He also permitted, with his knowledge and acquiescence, a committee to be appointed to reopen the institution upon the basis of its solvency and the possession and ownership of this bond and mortgage. In reliance upon these statements, representations, and his acquiescent attitude the trust company did reopen by permission of the Supreme Court, and additional deposits were received and new and greater obligations incurred. To permit John G. Jenkins, Sr., if he were alive, or those representing him, to withdraw this bond and mortgage from the assets of the company and to plead that under the statute of frauds the assignment was void because collateral to an oral promise to pay the debts of the Frank & J. G. Jenkins, Jr., Company would sanction a greater fraud than the statute of frauds was ever intended to prevent.

[2] The statute of frauds cannot be used to work a fraud, and such a result will be prevented by the application of the doctrine of estoppel. Brown v. Bowen, 30 N. Y. 519–541, 86 Am. Dec. 406; Thompson v. Simpson, 128 N. Y. 271, 28 N. E. 627; Clark v. West, 193 N. Y. 349–361, 86 N. E. 1; Draper v. Oswego County Fire B. Ass'n, 190 N. Y. 12–16, 82 N. E. 755.

Judgment for defendants, with costs.

---

(163 App. Div. 107)

FENDERSON v. LEHIGH VALLEY R. CO.   (No. 202–74.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

CARRIERS (§ 153*)—CARRIAGE OF GOODS—LOSS OF GOODS.

The letters "S. L. & C." printed on a bill of lading is not a sufficient compliance with Personal Property Law (Consol. Laws, c. 41) § 209, as added by Laws 1911, c. 248, providing that the carrier may, by inserting in the bill the words "Shippers' load and count," exempt itself from liability for improper loading or by the nonreceipt or misdescription of the goods, etc., in the absence of proof of a course of dealing between the parties where such initials had been used.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 687–690; Dec. Dig. § 153.*]

Appeal from Tioga County Court.

Action by George L. Fenderson against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Cobb, Cobb, McAllister & Feinberg, of Ithaca, for appellant.

S. M. Lounsberry, of Owego (F. W. Clifford, of Owego, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J.    The judgment below was an affirmance of a judgment recovered in justice's court for the nondelivery of a car load of goods shipped by the defendant for the plaintiff. Upon the bill of lading were printed the letters "S. L. & C." The printing of these letters upon the bill of lading is claimed by defendant to exempt it from all liability for the nonreceipt of these goods under section 209 of the Personal Property Law, as added by Laws 1911, c. 248. That section provides:

"The carrier may, also, by inserting in the bill the words, 'shipper's load and count' or other words of like purport, indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the nonreceipt or by the misdescription of the goods described in the bill."

The sole contention of appellant upon this appeal is that the insertion of the letters "S. L. & C." is a compliance with the statute, exempting defendant from the liability to which it might otherwise be subject. It is unnecessary to pass upon the contention of the plaintiff that this statute is unconstitutional, or that it is against public policy. We are satisfied that the defendant has not brought itself within its terms. The initials "S. L. & C." are not, within the statute, the equivalent of the words "shipper's load and count," or words of like purport. If a course of dealing had been shown between the parties where such initials had been used to the knowledge of both parties as indicating such meaning, a different question might arise. Without proof of such dealing, however, in order to claim the exemption given by the statute, defendant must comply strictly with the conditions named. We are of the opinion, therefore, that the judgment of the county court should be affirmed, with costs.

Judgment affirmed, with costs. All concur.